IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**STEPHANIE L. MYERS**                                              **PLAINTIFF**

v.                                         **CIVIL ACTION NO. 2:16-CV-198-KS-MTP**

**LAMAR COUNTY, MISSISSIPPI,** *et al.*                            **DEFENDANTS**

## ORDER

On December 19, 2016, the Clerk entered Defendant QCHC, Inc.'s default [9]. The next day, Plaintiff filed a Motion for Default Judgment [10] and Motion for a Hearing [12] on damages. On December 28, 2016, Defendant QCHC, Inc. appeared and filed a Motion to Set Aside [14] the default. Two weeks later, it filed a Memorandum [17] in support of the motion. The Court ordered [19] Plaintiff to respond to the Motion to Set Aside [14] on or before January 26, 2017. Plaintiff did not respond.

"The Federal Rules are diametrically opposed to a tyranny of technicality and endeavor to decide a case on the merits. Strict enforcement of defaults has no place in the Federal Rules . . . ." *Amberg v. FDIC*, 934 F.2d 681, 686 (5th Cir. 1991). Accordingly, "[t]he court may set aside an entry of default for good cause . . . ." FED. R. CIV. P. 55(c). "The language of the rule is discretionary, and the decision to set aside a default is committed to the sound discretion of the trial court . . . . [D]istrict courts generally should grant motions to set aside a default unless the default was willful, the plaintiff will be prejudiced, or the defendant has no meritorious defense." *Moreno v. Lg Elecs., USA Inc.*, 800 F.3d 692, 698 (5th Cir. 2015); *see also Lacy v. Sitel Corp.*, 227

F.3d 290, 291 (5th Cir. 2000). "Other factors may also be considered, including whether the defendant acted expeditiously to correct the default." *Lacy*, 227 F.3d at 291.

After considering these factors, the Court concludes that Defendant QCHC, Inc. has satisfied Rule 55's "good cause" requirement. The record contains no evidence of willfulness. Plaintiff did not respond to the Motion to Set Aside [14] and has not articulated any way in which setting aside the default would prejudice her. Granting Defendant's motion will merely require Plaintiff to prove her allegations. *Id.* at 293. Finally, Defendant acted expeditiously to correct the default, filing their motion less than two weeks after its entry. *Id.* at 291.

For these reasons, the Court **grants** Defendant QCHC, Inc.'s Motion to Set Aside [14] its default. The Court also **denies** Plaintiff's Motion for Default Judgment [10] and Motion for a Hearing [12] **as moot**.

SO ORDERED AND ADJUDGED this ___31st___ day of January, 2017.

                                                  s/Keith Starrett
                                              UNITED STATES DISTRICT JUDGE