IN THE UNITED STATES FEDERAL DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**STEPHANIE L. MYERS**                                                      **PLAINTIFF**

Versus                                       **CIVIL ACTION NO. 2:16-cv-198-KS-MTP**

**LAMAR COUNTY, MS, QCHC, INC., WESLEY PURVIS,
JAMES BARADELL, SHARON GOAR, and JOHN DOES
1-10, in their official and individual capacities**                         **DEFENDANTS**

**T H I R D   A M E N D E D   C O M P L A I N T**
**(PLAINTIFF DEMANDS A TRIAL BY JURY)**

      Stephanie L. Myers sues the Defendants on the following grounds:

      1.      The Plaintiff is an adult resident citizen of the State of Mississippi.

      2.      The Defendant, Lamar County, MS, is a state entity liable under 42 U.S.C. §1983 for its unconstitutional acts, and may be served in this case by service upon the Lamar County Board of Supervisors, and/or the Chancery Clerk. Lamar County is also liable under the Mississippi Tort Claim Act for State Court claims as set out in the Complaint below for which this Court has ancillary jurisdiction.

      3.      Other parties and claims were previously dismissed by this Court subject to its Memorandum Opinion and Order of September 26, 2017. Plaintiff reserves her rights to appeal on said claims upon entry of a final judgment.

      4.      Deputy Wesley Purvis and Deputy James Baradell are adult residents of the State of Mississippi and are sued in their individual and official capacities as officers/deputies of the Sheriff's Department operated by Lamar County.

      5.      QCHC, Inc., entered into a contract to provide health care services for the Lamar County Sheriff in regard to prisoners and/or detainees at the Lamar County Jail. As an entity

carrying out services required to be delivered by Lamar County, QCHC acted under color of State law and is thus liable under 42 U.S.C. §1983 for any unconstitutional acts it performed.

6. QCHC, Inc., was served with process by serving its Registered Agent, Incorp Services, Inc., 302 Enterprise Drive, Suite A, Oxford, MS 38655, and is now represented by counsel shown on the Certificate of Service.

7. QCHC may be determined by the Court to have been acting as a private company, and not as an agent/actor for Lamar County. To the extent that it was not acting under the color of State law, it is liable for its torts as any other private company would be and under a theory of *respondeat superior* for its medically negligent acts and those of its employee, Sharon Goar. Likewise, Sharon Goar is individually liable for her act of medical negligence even if she acted outside of color of state law.

8. Sharon Goar, to the extent that she acted under color of state law, violated the civil rights of Stephanie L. Myers under 42 U.S.C. §1983, while acting in an individual and official capacity. Her last known address for process by service is 10 Dauphin Road, Lumberton, MS 39455. To the extent that her acts were not under color of state law, she is sued herein individually.

9. All required statutory notices have been given to pursue state law and medical malpractice claims.

## JURISDICTION

10. The Plaintiff herein invokes the federal question jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 & 1343, to obtain a judgment for the costs of suit, including reasonable attorneys fees and damages suffered and sustained by the Plaintiff, Stephanie L. Myers, and caused by the Defendants' blatant violation of the rights, privileges, and immunities

of the Plaintiff, Stephanie L. Myers, as guaranteed by the Fourteenth Amendment to the Constitution of the United States of America and by the applicable federal statutes, more particularly 42 U.S.C. §§ 1983 *et. seq*. including attorney fees under 1988, as well as 42 U.S.C. § 12101.

11. This Court has the jurisdiction to adjudicate the pendent or supplemental state claims that arose out of the same course of conduct giving rise to the principal claims of the Plaintiff as herein stated. Plaintiff's state claims for liability which require.

## VENUE

12. Venue is proper in this jurisdiction and district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the real and immediate harm sustained by the Plaintiff occurred in this judicial district and division.

## STATEMENT OF THE FACTS

13. On or about August 15, 2015, Mrs. Myers was wrongfully arrested and improperly imprisoned and detained due to an alleged simple assault arising out of domestic disturbance with her husband at 340 Emmett Byrd Road, Lumberton, MS 39455. Lamar County deputies responded to the scene after Mrs. Myers called the police to report that her husband was assaulting her. Deputies then proceeded to arrest Stephanie Myers, who was outside at the time of arrival on scene. Neither deputy witnessed the alleged misdemeanor but rather relied on the testimony of minor children and in so doing arrested the wrong person. The charge of domestic violence assault against Stephanie Myers was subsequently dismissed by Justice Court.

14. Officer Jason McNelly and another unknown deputy (John Doe) responded to the call. They departed from Stephanie Myers' home, taking her into custody at approximately 4:28 p.m.

15. Stephanie Myers told deputies at that time that she was Type I diabetic since she was eleven (11) years old.  Before getting into the police vehicle, Deputy Mike Purvis allowed her to check her blood glucose.  Thus the officer defendants were well aware of her serious medical condition and need for treatment.

16. Upon arrival at booking, Stephanie Myers advised Lamar County and nursing staff, employed by contractor QCHC, Inc., that she was Type I diabetic.

17. She was noted to have insulin in her possession.  Officers working at Lamar County Jail, who, on information and belief, were Deputy James Baradell and/or Deputy Wesley Purvis, incorrectly determined the insulin to be "hot" because it was unrefrigerated.  These officers erroneously and without reasonable care and deliberate indifference in violation of the 14th Amendment determined that the insulin would not be effective due to its temperature.

18. On intake, a QCHC nurse performed a blood glucose check and obtained a reading of 286.  Stephanie Myers was determined to need no further care even though this reading is high.  Stephanie Myers should have been administered or allowed to administer insulin.  Instead the officers offered Stephanie Myers high carbohydrate food, which she refused to eat.

19. After Plaintiff was booked, she was placed in a cell with several female inmates. After she repeatedly requested water from the staff to no avail, another inmate gave her 2 cups of water and told her to push the call button.  Once she pushed the button, she was removed from that cell and placed in holding cell 219, where she was allegedly placed under video surveillance.

20. Myers asked for insulin, but she never got insulin after repeatedly requesting Lamar County jail personnel and deputies over several hours.

21. At approximately 12:30 a. m. on August 16, 2015, Myers' glucose was checked by Deputy Wesley Purvis, who reported it to be "high", but did not give a blood glucose number at that time. No insulin was given.

22. Purvis notified the nurse on call for QCHC, Sharon Goar, who declined to come to the jail and advised that Myers should be given water to lower her blood glucose level. This conduct by Goar demonstrates deliberate indifference in violation of the 14th Amendment.

23. At 2:30 a. m. on August 16, 2015, blood glucose was checked again and determined to be either 453 or 553 (the report is illegible), which is an alarmingly high reading and very dangerous. Goar again advised to give water and that Myers would be stable until morning. She advised the Lamar County officers on duty that "higher blood sugar is preferred in these situations." These medical conclusions are erroneous and demonstrate deliberate indifference to the medical needs of Stephanie Myers as well as violation of her rights under the 14th Amendment.

24. It is well within common knowledge that water is not a preferred treatment in Myers condition. Myers needed to be given insulin and/or taken to the hospital immediately. The defendants' failure to do so or to advise to do so was an act of deliberate indifference to her medical needs.

25. By the following morning, when Myers was evaluated again by another QCHC nurse, her blood glucose was extremely high (off the meter). Because her glucose was dangerously high she was urgently transported to Forrest General Hospital for evaluation. The delay in this evaluation and transport demonstrated deliberate indifference to Myers' medical needs in violation of the 14th Amendment.

26. Major Mike Harlin, an employee of Lamar County, had Myers bonded out on a personal recognizance bond so that Lamar County would not be held financially responsible for cost of treatment of Myers. Lamar County then arranged for an ambulance to take her to the hospital.

27. Myers admitted through the Emergency Department to the Intensive Care Unit was diagnosed with Diabetic Ketoacidosis, (DKA), a dangerous and life-threatening medical condition. Her blood sugar was extremely and initially unmeasurably high and her organs were starting to shut down. She had bruises and burns in numerous places on her body caused by excessive force when she was admitted to Forrest General Hospital. She was in and out of consciousness Forrest General Hospital for quite some time while in treatment.

## STATEMENT REGARDING CUSTOM, POLICY OR PRACTICE

28. Lamar County and the individuals acting in their official capacities, carried out the violation of Constitutional rights of the Plaintiff pursuant to policy or custom either written, wide-spread, or the result of a high ranking official with policy making authority, to violate the rights of the Plaintiff. Such policy or practice includes, but is not limited to: (a) failure to adequately train personnel to recognize, monitor, test, and provide emergency medical treatment for regular injections to a diabetic patient; (b) retaining medical contractors who refuse or fail to provide care; and, (c) failing to provide reasonable access to emergency facilities or other necessary medical treatment which can only be rendered off the premises.

29. To the extent that QCHC is acting under color of state law it is also liable for its unlawful policies and procedures which include routinely showing deliberate indifference to inmates/detainees that has a duty to render medical care and routinely failing to provide medical care when its on-call procedures are invoked. In this case, Sharon Goar was called on multiple

occasions but refused to render medical care. The policy of refusing to go to the detention facility when called and to properly examine the detainee/inmate/patient; the policy of giving detainees/inmates/patients water consumption as a treatment for diabetes; the policy of insisting on food intake when the detainee/inmate/patient has a high blood glucose count; the policy of allowing high blood glucose as a preferred state; violates the 14th Amendment to the US Constitution.

30. Both Lamar County and QCHC, as well as individual employees named in their official capacity herein, failed to demonstrate even rudimentary knowledge of how to care for a diabetic patient, insisting that she eat when her glucose was already high, offering water instead of insulin to lower blood glucose, and failing to recognize the signs of DKA.

### COUNT ONE

31. The Plaintiff re-alleges and incorporates the forgoing factual allegations and statements of fact. The Plaintiff claims relief from Lamar County and individual employees named in their official capacities on the basis of the due process clause of the 5th and 14th Amendments to the United States Constitution for violation of procedural and substantive due process.

### COUNT TWO

32. The Plaintiff re-alleges and incorporates the foregoing factual allegations and statements of fact. Plaintiff claims that Lamar County, and QCHC, to the extent that it acted under color of state law, violated Plaintiff's rights under the 14th Amendment to the United States Constitution in that they were deliberately indifferent to the serious health needs and acted in conscious disregard of her health needs and were so grossly incompetent or excessive as to shock the conscious in failing to provide adequate care for her diabetes and other conditions and to seek

and/or provide medical treatment. This situation and violation arose as to the conditions of confinement and for the episodic acts or omissions of the Defendants.

## COUNT THREE

33.     The Plaintiff re-alleges and incorporates the forgoing factual allegations and statements of fact. The defendants QCHC and Sharon Goar, acting in their private and independent capacities, were negligent in failing to render medical care within the requisite standard of care to Stephanie Myers and their negligence caused her special and general damages in medical bills, pain and suffering, permanent impairment, mental anguish and other damages to be proved at trial. These actions constitute medical malpractice. These actions were willful and wanton, intentional or grossly negligent such that these defendants are liable for punitive damages.

34.     The various violations of the Constitution and state tort law caused damages to the Plaintiff in that she incurred medical bills, pain and suffering, psychological damages, mental anguish, emotional distress, and other damages to be more particularly proved at trial.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against the Defendants as stated herein, and requests judgment in the amount of $1,500,000.00 plus expenses, costs, attorneys fees, and pre- and post-judgment interest as allowed by law.

RESPECTFULLY SUBMITTED, this the 2nd day of March, 2018.

**STEPHANIE L. MYERS**

By:     /s/ Robin L. Roberts
        Robin L. Roberts, Her Attorney

Robin L. Roberts (MB #5596)
Christopher D. Nobles (MB # 104441)
Roberts & Associates
P. O. Box 1953
Hattiesburg, MS 39403
601-544-0950; Fax: 601-450-5395
Email: robin@rablaw.net
Email: chris@rablaw.net

## CERTIFICATE OF SERVICE

      I hereby certify that I, Robin L. Roberts, one of the attorneys for plaintiff, have electronically filed through the Court's CM/ECF system a true copy of the above and foregoing instrument which was served to the following:

| | |
|---|---|
| Mr. William R. Allen<br>(wallen@aabalegal.com)<br>Allen Allen Breeland & Allen, PLLC<br>P. O. Box 751<br>Brookhaven, MS 39602-0751 | Ms. Susan L. Steffey<br>(ssteffey@watkinseager.com)<br>Mr. J. Scott Gilbert<br>(sgilbert@watkinseager.com)<br>Watkins & Eager, PLLC<br>P. O. Box 650<br>Jackson, MS 39205 |
| Mr. David Frank Myers<br>(dfmyerslaw@gmail.com)<br>David F. Myers, PA<br>P. O. Box 43<br>Hattiesburg, MS 39403 | Ms. Tangi A. Carter<br>(tangi@carterlaw.com)<br>Tangi A. Carter, PLLC<br>404 Hemphill Street<br>Hattiesburg, MS 39401 |

THIS, the 2nd day of March, 2018.

                                        /s/ Robin L. Roberts
                                        Robin L. Roberts